IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY E. TUBMAN, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
|     v. | : | |
| | : | NO. 12-7121 |
| USAA CASUALTY INSURANCE CO., | : | |
|     Defendant. | : | |

**April 29, 2013**                                                                                           **Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Kelly E. Tubman brings suit against Defendant USAA Casualty Insurance Company ("USAA") for breach of contract (Count I), violation of statutory bad faith (Count II), breach of fiduciary duty (Count III), breach of common law bad faith (Count IV), and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Count V). USAA moves to dismiss Counts III through V, and to strike any references to "fiduciary duty" in Tubman's amended complaint. I exercise diversity jurisdiction over Tubman's claims pursuant to 28 U.S.C. § 1332. Pennsylvania law applies. For the reasons stated below, I will grant USAA's motion for Counts III through V, and deny USAA's motion to strike.

### I.      BACKGROUND[1]

On February 1, 2008, Kelly Tubman was a passenger in a car when the driver crashed into a tree. She was ejected from the car and sustained serious injuries. Tubman filed a claim with the driver's insurance and received the $15,000 limit for liability coverage under the

---

[1] When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] the facts of the complaint as true and characterize[s] the facts most favorably to the plaintiff . . . ." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1164-65 (3d Cir. 1987).

1

driver's policy. As a resident of her father's home, she was also eligible to receive underinsured motorist ("UIM") coverage under her father's insurance policy with USAA. The policy included $300,000 in stacked UIM coverage for four vehicles. USAA consented to Tubman's settlement against the driver and agreed that Tubman could institute a timely action for recovery of UIM benefits within four years of the settlement. Tubman filed a claim within this time period, but she rejected USAA's offer, claiming that the amount was insufficient to compensate her for her injuries. She brings suit for breach of contract, claiming that she is entitled to recover $1,200,000. She also brings extra-contractual bad faith claims for statutory bad faith, breach of fiduciary duty, common law bad faith, and violation of the Unfair Trade Practices and Consumer Protection Law. For these claims she seeks consequential damages, punitive damages, interest, fees, costs and treble damages.

## II. LEGAL STANDARDS

A motion to dismiss should be granted under Rule 12(b)(6) if the moving party "under any reasonable reading of the complaint . . . may be entitled to relief." *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010) (internal quotation marks omitted). The complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). This "assumption of truth" is "inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50.

Under Rule 12(f) a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[S]triking a pleading is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record." *BJ Energy, LLC v. PJM Interconnection, LLC,* Nos. 08-3649, 09-2864, 2010 WL 1491900, at *1 (E.D. Pa. Apr. 13, 2010) (quoting *N. Penn. Transfer, Inc. v. Victaulic Co. of Am.,* 859 F. Supp. 154, 158-59 (E.D. Pa.1994)). Therefore, while Rule 12(f) grants the court the power to grant a motion to strike, such motions "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *N. Penn. Transfer*, 859 F. Supp. at 158 (internal quotation marks omitted).

### III. DISCUSSION

USAA seeks to dismiss three of Tubman's four extra-contractual bad faith claims: breach of fiduciary duty (Count III), breach of common law bad faith (Count IV), and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Count V). Each is addressed below.

#### A. Breach of Fiduciary Duty

USAA argues that Tubman's breach of fiduciary duty claim should be dismissed because this duty does not exist in the underinsured motorist ("UIM") context. "The mere fact that an

insurer and an insured enter into an insurance contract does not automatically create a fiduciary relationship." *Conn. Indem. Co. v. Markman*, No. 93-799, 1993 WL 304056, at *5 (E.D. Pa. Aug. 6, 1993) (citing 2A Couch on Insurance 2d, § 23.11 (1984); 1A Long, The Law of Liability Insurance, § 5A.07). The Third Circuit has held that under Pennsylvania Law, a fiduciary duty arises when an insurer asserts a right under the policy to handle claims against the insured. *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 227-28 (3d Cir. 2000); *See also Gedeon v. State Farm Mut. Auto. Ins. Co.*, 410 188 A.3d 320, 322 (Pa. 1963). This scenario applies to third party insurance claims. *Birth Ctr. v. St. Paul Cos., Inc.*, 727 A.2d 1144, 1155 (Pa. Super. Ct. 1999) (stating that "the insurer assumes a fiduciary responsibility towards the insured and *becomes obligated* to act in good faith and with due care in representing the interests of its insured when handling, *inter alia,* all third party claims brought against the insured." (emphasis in original)).

UIM claims do not fit this mold. The Pennsylvania Superior Court considers UIM claims to be a hybrid of first and third party claims. *Zappile v. Amex Ass. Co.*, 928 A.2d 251, 256 (Pa. Super. 2007); *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1145 (Pa. Super. Ct. 2006). Like first party claims, in UIM claims the insured often makes a direct claim against her own insurer under her policy for optional coverage she elected to purchase. *Condio*, 899 A.2d at 1144. Like third party claims, UIM claims are inherently at arm's length and adversarial because the insured seeks to maximize her recovery, while the insurer seeks to minimize recovery. *Id.* Due to their hybrid nature, federal district courts have held that an insurer does not assume a fiduciary duty toward an insured for UIM claims. *Fitzpatrick v. State Farm Ins. Cos.*, No. 09-1498, 2010 WL 2103954, at *4-*5 (W.D. Pa. May 25, 2010); *Allstate Prop. & Cas. Ins. Co. v. Vargas*, No. 2:06-

4

cv-3368-LDD, 2006 U.S. Dist. LEXIS 95608, at *10 (E.D. Pa. Dec. 28, 2006) (finding that claims for breach of fiduciary duty in non-third party claims are generally subsumed by breach of contract and statutory bad faith claims).[2] Tubman cites to two cases for the proposition that she can bring a breach of fiduciary duty claim. *Birth Ctr.*, 727 A.2d at 1155; *Guthrie Clinic, Ltd. v. Travelers Indem. Co. of Ill.*, No. 3:00cv1173, 2000 WL 1853044, at *3 (M.D. Pa. Dec. 18, 2000). Both cases, however, deal with third party claims, and not hybrid UIM claims. Therefore, Tubman's breach of fiduciary duty claim is dismissed.

### B. Breach of Common Law Bad Faith

USAA moves to dismiss Tubman's common law bad faith claim on the grounds that it is not an independent cause of action. There are two separate "bad faith" claims that an insured can bring against an insurer: a contract claim for breach of the implied contractual duty to act in good faith, and a statutory bad faith tort claim under 42 Pa. Cons. Stat. Ann. Section 8371. *Birth Ctr. v. St. Paul Cos., Inc.*, 787 A.2d 376, 409 (Pa. 2001) (Nigro, J. concurring). Tubman brings both, though USAA moves only to dismiss the common law claim.

In Pennsylvania, the common law duty of good faith and fair dealing is implied in every contract. *Excelsior Ins. Co. v. Incredibly Edible Delites*, No. 09-3198, 2009 WL 5092613, at *3 (E.D. Pa. Dec. 17, 2009). "This duty arises not so much under the terms of the contract but is said to arise because of the contract and to flow from it." *Gray v. Nationwide Mut. Ins. Co.*, 223 A.3d 8, 12 (Pa. 1966). The Third Circuit notes that ". . . Pennsylvania courts have cited Restatement (Second) of Contracts § 205 for the proposition that every contract has an implied

---

[2] The parties, in fact, acknowledged the hybrid relationship when USAA acknowledged that Tubman could file a UIM claim with them after she received the $15,000 limit from the driver's insurance. Compl. at ¶ 16.

5

term that the parties will perform their duties in good faith . . . In practice, however, the courts have recognized an independent cause of action for breach of a duty of good faith and fair dealing only in very limited circumstances. *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 91 (3d Cir. 2000).

These limited circumstances do not include situations where parties bring breach of contract claims and a common law good faith claims simultaneously. Lower federal and state courts have ruled that because the common law claim sounds in contract, it cannot be brought independently from a breach of contract claim. *Fingles v. Cont'l Cas. Co.*, No. 08-5942, 2010 WL 1718289, at *3 (E.D. Pa. Apr. 28, 2010) (finding that Pennsylvania Courts have consistently held that a bad faith claim sounding in contract is subsumed within a breach of contract claim); *Zaloga v. Provident Life and Acc. Ins. Co. of Am.*, 671 F. Supp. 2d 623, 629 (E.D. Pa. 2009) (explaining that "[i]t has been said that a breach of the implied covenant of good faith and fair dealing merges with a breach of contract claim."); *JHE, Inc. v. Se. Pa. Transp. Auth.*, 1790 NOV. TERM 2001, 2002 WL 1018941, at *6-*7 (Pa. Commw. Ct. May 17, 2002) (finding that "a breach of the covenant of good faith is nothing more than a breach of contract claim and that separate causes of action cannot be maintained for each, even in the alternative."). *See also Excelsior Ins. Co.*, 2009 WL 5092613, at *3; *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F. Supp. 2d 354, 369 (E.D. Pa. 2009); *LSI Title Agency, Inc. v. Evaluation Srvs.*, 951 A.2d 384, 391 (Pa. Super. Ct. 2008). Rather, it is subsumed by the breach of contract claim. *CRS Auto Parts, Inc.*, 645 F. Supp. 2d at 369. This is because "the actions forming the basis of the breach of contract claim are essentially the same actions forming the basis of the bad faith claim." *JHE, Inc.*, 2002 WL 1018941 at *6.

6

In Count IV Tubman brings a standalone breach of common law duty of good faith and fair dealing claim. In Count I she brings a breach of contract claim that also alleges a breach of common law duty of good faith and fair dealing. Compl. ¶¶ 41-42. Because she cannot bring the claim separately from her breach of contract claim, Count IV is dismissed. Instead, the claim may proceed under her breach of contract claim.[3]

### C. Violation of Pennsylvania's Consumer Protection Law

Tubman argues that USAA has violated Pennsylvania's Uniform Trade Practices and Consumer Protection Law ("UTPCPL") by failing to properly handle, adjust, evaluate and settle her UIM claims. Compl. ¶ 63. She provides no other factual basis for her claim. She brings her claim under the law's "catch all" provision: "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 PA. CONS. STAT. § 201-2(4)(xxi). USAA argues that this claim should be dismissed for two reasons. First, it argues that Tubman cannot demonstrate that she justifiably relied on USAA's deception because in order to do so, she would need to introduce parole evidence. Second, USAA argues that the claim is barred by the economic loss doctrine. Because I find that the claim is barred by the economic loss doctrine, I will only address the latter argument.

The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995). Although the Pennsylvania Supreme Court has not ruled on the issue, the Third Circuit has predicted that it would not create an exception to the

---

[3] The court in *Zaloga* noted that "[a] cause of action for a breach of the implied covenant of good faith and fair dealing may allow for compensatory damages that go beyond the damages provided by a traditional breach of contract action or a section 8371 claim." *Zaloga,* 671 F. Supp. 2d at 629.

7

economic loss doctrine for intentional torts. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 680-81 (3d Cir. 2002). The *Werwinski* court concluded that the economic loss doctrine bars UTPCPL claims of intentional fraud except in situations where the fraud occurs outside of the contract. *Id.* at 671. This means that when the alleged deceptive conduct "is clearly 'interwoven with' the contract," and the plaintiff seeks damages that flow from the contract, a UTPCPL claim cannot be brought. *Sicherman v. Nationwide Life Ins. Co.*, No. 11-7227, 2012 WL 1122737, at *4 (E.D. Pa. Apr. 4, 2012) (dismissing a UTPCPL claim where a woman's claim that an insurance company deceived her late husband into letting his life insurance policy lapse was critically related to the alleged breach).

Tubman's UTPCPL claim is premised on USAA's failure to perform its contractual obligation under the insurance policy by paying her UIM benefits. Tubman claims that USAA violated the UTPCPL by failing to properly handle, adjust, evaluate and settle her UIM claim, and that she has not been fully and fairly compensated for her injuries because of USAA deceptive practices. Compl. at ¶¶ 63-72. She claims that USAA breached the insurance contract by engaging in unfair or deceptive acts or practices, recklessly disregarding her right to recover $1,200,000 in UIM benefits, and performing its contractual obligations improperly, among other allegations. Compl. at ¶ 42(a),(m),(p). Both claims stem from a failure to receive the UIM benefits. As in *Sicherman*, the alleged deceptive practices are critically related to the alleged breach.

Tubman attempts to salvage her UTPCPL claim by arguing that her claims do not arise solely from economic loss because she suffered physical injuries. While the underlying injury that spurred this dispute was physical, her claims against the insurance company are purely

economic.  She next argues that despite the ruling in *Werwinski,* other courts have held that while the economic loss doctrine was meant to prevent recovery for negligence, it was not meant to bar intentional tort claims.  She cites a district court opinion where Judge Van Antwerpen made numerous arguments as to why the Third Circuit came to the wrong conclusion in *Werwinski*. *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 275 (E.D. Pa. 2003).  Despite disagreement following *Werwinski*, it remains the controlling law unless revisited by the Pennsylvania Supreme Court.  *See DeFebo v. Andersen Windows, Inc.*, 654 F. Supp. 2d 285, 293-94 (E.D. Pa. 2009); *see also Sarsfield v. Citimortgage, Inc.,* 707 F. Supp. 2d 546, 558-59 (M.D. Pa. 2010).  Therefore I will grant USAA's motion to dismiss Tubman's UTPCPL claim.

### D.  Motion to Strike References to "Fiduciary Duty"

Lastly, USAA seeks to strike from the complaint any references to "fiduciary duty" because no fiduciary duty is owed and keeping the references will cause confusion.  As noted *infra,* "striking a pleading is a 'drastic remedy' to be used sparingly."  *BJ Energy, LLC v. PJM Interconnection, LLC,* Nos. 08-3649, 09-2864, 2010 WL 1491900, at *1 (E.D. Pa. Apr. 13, 2010).  There is no reason to employ such a remedy here.  Therefore I will deny USAA's motion to strike reference to "fiduciary duty" from the complaint.

### IV.  CONCLUSION

For the reasons stated above, USAA's Motion to Dismiss will be granted, and Motion to Strike will be denied.

    \_\_\_\_\_/s/ Anita B. Brody_____
    ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:    Copies **MAILED** on _____ to: